UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

EDERICK FABRIZIO, a/k/a Ederick Fabricio,

                          Plaintiff,
                                                          9:18-CV-0339
v.                                                             (GTS/ML)

ANTHONY J. ANNUCCI, Comm'r, N.Y.S. Dep't of
Corr. & Cmty. Supervision; BRANDON SMITH,
Superintendent, Greene Corr. Fac.; THOMAS MAURO,
IGP Supervisor, Greene Corr. Fac.; BRIAN SULLIVAN,
Corr. Officer, Greene Corr. Fac., f/k/a Lt. Sullivan;
OLIVER, Corr. Officer, Greene Corr. Fac.; LASTER,
Corr. Officer, Greene Corr. Fac.; JAMES RIELLY, Corr.
Officer, Greene Corr. Fac., f/k/a John Doe #2; and
DANIEL GALIOTO, Corr. Officer, Greene Corr. Fac.,
f/k/a Sgt. Galioto,

                          Defendants.
_____

APPEARANCES:                                             OF COUNSEL:

EDERICK FABRIZIO, 97-A-2265
  Plaintiff, *Pro Se*
Otisville Correctional Facility
Box 8
Otisville, New York 10963

HON. LETITIA A. JAMES                           NICHOLAS LUKE ZAPP, ESQ.
Attorney General for the State of New York       Assistant Attorney General
Counsel for Defendants
The Capitol
Albany, New York 12224

GLENN T. SUDDABY, Chief United States District Judge

## DECISION and ORDER

Currently before the Court, in this *pro se* prisoner civil rights action filed by Ederick Fabrizio ("Plaintiff") against the eight above-captioned employees of the New York State Department of Corrections and Community Supervision ("DOCCS" or "Defendants"), are (1) the Report-Recommendation of former-Chief United States Magistrate Judge David E. Peebles[1] recommending that the Court grant Defendants' motion for summary judgment seeking dismissal of Plaintiff's Amended Complaint without prejudice based on his failure to exhaust his available administrative remedies before filing suit, and (2) Plaintiff's Objections to the Report-Recommendation. (Dkt. Nos. 60, 66.) For the reasons set forth below, the Report-Recommendation is accepted and adopted in its entirety, and Plaintiff's Amended Complaint is dismissed without prejudice.

## I. RELEVANT BACKGROUND

### A. Magistrate Judge Peebles' Report-Recommendation

Generally, in his Report-Recommendation, Magistrate Judge Peebles rendered the following five findings of fact and conclusions of law: (1) although Plaintiff's original Complaint was signed on February 20, 2018, it should be deemed as having been "filed" (despite the Prison Mailbox Rule) on March 19, 2018, because of the evidence that, rather than hand it to a prison guard for mailing to the Court on February 20, 2018, Plaintiff mailed it to a family member for filing in the Court (*see, e.g.,* Dkt. No. 1, Attach. 10, at 1); (2) with respect to Grievance Number GNE-9664-17 ("Grievance Number 1"), by failing to wait for a decision by CORC (regarding the

---

[1] On June 30, 2019, Magistrate Judge Peebles resigned, and the next day United States Magistrate Judge Miroslav Lovric was assigned to this action.

superintendent's denial of this grievance) before commencing this action, Plaintiff has impermissibly failed to exhaust his available administrative remedies before filing suit; (3) with respect to Plaintiff's remaining grievances, by filing his appeal from the denial of Grievance Number GNE-9766-18 ("Grievance Number 2") after commencing this action, and by filing Grievance Numbers GNE-9848-18 ("Grievance Number 3") and GNE-9922-18 ("Grievance Number 4") after commencing this action, Plaintiff has impermissibly failed to exhaust his available administrative remedies before filing suit; (4) Plaintiff's filing of an Amended Complaint nearly four months after the docketing of his Complaint has not cured his failure to exhaust, because the operative date (for the purpose of conducting an exhaustion analysis) is the date of Plaintiff's *original* Complaint; and (5) Plaintiff has presented no evidence showing that his administrative remedies were unavailable to him before commencing this action, due to (for example) Defendant Mauro's dilatory forwarding of Plaintiff's appeals and CORC's dilatory decisions of those appeals. (Dkt. No. 60, at Part III.B.)

B.  **Plaintiff's Objections to the Report-Recommendation**

Generally, in his Objections, Plaintiff asserts the following two arguments: (1) with respect to Grievance Number 1, Magistrate Judge Peebles erred by overlooking the fact that, although Defendant Mauro's signed Plaintiff's appeal on January 10, 2018 (and thus was obligated, pursuant to DOCCS Directive 4040, to forward that appeal to CORC by January 17, 2018), CORC did not receive that appeal until March 12, 2018; and (2) with respect to Grievance Numbers 2, 3 and 4, Magistrate Judge Peebles erred by overlooking the fact that Plaintiff was effectively prevented from exhausting his administrative remedies due to (a) Defendant Muaro's dilatoriness in processing his grievances and (b) Defendants' harassment and intimation of

3

Plaintiff. (Dkt. No. 66, at Parts A and B.)

## II. STANDARD OF REVIEW

When a *specific* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to a *de novo* review. Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1)(C). To be "specific," the objection must, with particularity, "identify [1] the portions of the proposed findings, recommendations, or report to which it has an objection and [2] the basis for the objection." N.D.N.Y. L.R. 72.1(c).[2] When performing such a *de novo* review, "[t]he judge may . . . receive further evidence. . . ." 28 U.S.C. § 636(b)(1). However, a district court will ordinarily refuse to consider evidentiary material that could have been, but was not, presented to the magistrate judge in the first instance.[3] Similarly, a

---

[2] *See also Mario v. P&C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Although Mario filed objections to the magistrate's report and recommendation, the statement with respect to his Title VII claim was not specific enough to preserve this claim for review. The only reference made to the Title VII claim was one sentence on the last page of his objections, where he stated that it was error to deny his motion on the Title VII claim '[f]or the reasons set forth in Plaintiff's Memorandum of Law in Support of Motion for Partial Summary Judgment.' This bare statement, devoid of any reference to specific findings or recommendations to which he objected and why, and unsupported by legal authority, was not sufficient to preserve the Title VII claim.").

[3] *See Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137-38 (2d Cir. 1994) ("In objecting to a magistrate's report before the district court, a party has no right to present further testimony when it offers no justification for not offering the testimony at the hearing before the magistrate.") [internal quotation marks and citations omitted]; *Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters*, 894 F.2d 36, 40, n.3 (2d Cir. 1990) (finding that district court did not abuse its discretion in denying plaintiff's request to present additional testimony where plaintiff "offered no justification for not offering the testimony at the hearing before the magistrate"); *cf. U. S. v. Raddatz*, 447 U.S. 667, 676, n.3 (1980) ("We conclude that to construe § 636(b)(1) to require the district court to conduct a second hearing whenever either party objected to the magistrate's credibility findings would largely frustrate the plain objective of Congress to alleviate the increasing congestion of litigation in the district courts."); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition ("The term 'de novo' does not indicate that a secondary evidentiary hearing is required.").

district court will ordinarily refuse to consider argument that could have been, but was not, presented to the magistrate judge in the first instance. *See Zhao v. State Univ. of N.Y.*, 04-CV-0210, 2011 WL 3610717, at *1 (E.D.N.Y. Aug. 15, 2011) ("[I]t is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.") (internal quotation marks and citation omitted); *Hubbard v. Kelley*, 752 F. Supp.2d 311, 312-13 (W.D.N.Y. 2009) ("In this circuit, it is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.") (internal quotation marks omitted). When only a *general* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to only a *clear error* review. Fed. R. Civ. P. 72(b)(2),(3); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition; *see also Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *2-3 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.) [collecting cases], *aff'd without opinion*, 175 F.3d 1007 (2d Cir. 1999). Similarly, when an objection merely reiterates the *same arguments* made by the objecting party in its original papers submitted to the magistrate judge, the Court subjects that portion of the report-recommendation challenged by those arguments to only a *clear error* review.[4] Finally, when *no* objection is made

---

[4] *See Mario*, 313 F.3d at 766 ("Merely referring the court to previously filed papers or arguments does not constitute an adequate objection under either Fed. R. Civ. P. 72(b) or Local Civil Rule 72.3(a)(3)."); *Camardo v. Gen. Motors Hourly-Rate Emp. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992) (explaining that court need not consider objections that merely constitute a "rehashing" of the same arguments and positions taken in original papers submitted to the magistrate judge); *accord, Praileau v. Cnty. of Schenectady*, 09-CV-0924, 2010 WL 3761902, at *1, n.1 (N.D.N.Y. Sept. 20, 2010) (McAvoy, J.); *Hickman ex rel. M.A.H. v. Astrue*, 07-CV-1077, 2010 WL 2985968, at *3 & n.3 (N.D.N.Y. July 27, 2010) (Mordue, C.J.); *Almonte v. N.Y.S. Div. of Parole*, 04-CV-0484, 2006 WL 149049, at *4 (N.D.N.Y. Jan. 18, 2006) (Sharpe,

to a portion of a report-recommendation, the Court subjects that portion of the report-recommendation to only a *clear error* review. Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition. When performing such a "clear error" review, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Id.*[5]

After conducting the appropriate review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

### III. ANALYSIS

The Court begins by noting that, even when construed with the utmost of special solicitude, the arguments asserted in Plaintiff's Objections are mere reiterations of arguments asserted in his opposition memorandum of law and sur-reply memorandum of law. (*Compare* Dkt. No. 66, at Parts A and B [Plf.'s Obj.] *with* Dkt. No. 55, Attach. 1, at 5-11 [attaching pages "2" through "8" of Plf.'s Opp'n Memo. of Law] *and* Dkt. No. 59, at 3-8 [attaching pages "1" through "6" of Plf.'s Sur-Reply Memo. of Law].) As a result, the "challenged" portions of the Report-Recommendation are entitled to only a clear-error review. *See, supra,* Part II of this Decision and Order.

After carefully reviewing the relevant papers herein, including the Magistrate Judge's thorough Report-Recommendation, the Court can find no clear-error in the Report-

---

J.).

[5] *See also Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) ("I am permitted to adopt those sections of [a magistrate judge's] report to which no specific objection is made, so long as those sections are not facially erroneous.") (internal quotation marks and citations omitted).

6

Recommendation: Magistrate Judge Peebles employed the proper standards, accurately recited the facts, and reasonably applied the law to those facts. As a result, the Report-Recommendation is accepted and adopted in its entirety for the reasons set forth therein.

The Court would add only that, even if it were to subject the Report-Recommendation to a *de novo* review, it would survive that review.

The Court rejects the first argument in Plaintiff's Objections because Magistrate Judge Peebles did, in fact, consider the fact referenced by Plaintiff, finding that (1) the fact is of little if any materiality because Plaintiff should have written, but failed to write, to either Defendant Mauro or CORC within 45 days of the filing of the appeal, and (2) in any event, only 61 days elapsed between when CORC should have received Plaintiff's appeal (on January 17, 2018) and when Plaintiff filed his Complaint (on March 19, 2018), which has not yet been found to be a long enough time to render an Inmate Grievance Program unavailable. (Dkt. No. 60, at 20-23 & n.13.)[6]

The Court also rejects the second argument in Plaintiff's Objections. Plaintiff does not specify any previously submitted admissible record evidence of harassment and intimation by Defendants that occurred before March 19, 2019, in response Plaintiff's filing grievances and/or appeals from the denials of his grievances. Furthermore, even if Defendant Mauro somehow delayed the filing of Grievance Numbers 3 and 4, those grievances regarded events that allegedly

---

[6] The Court notes that it recently surveyed the delay found to be long enough to render an Inmate Grievance Program unavailable, and it shares Magistrate Judge Peebles' conclusion that 61 days is too short, under the circumstances. *Mayandeunas v. Bigelow*, 18-CV-1161, 2019 WL 3955484, at *3-5 (N.D.N.Y. Aug. 22, 2019) (Suddaby, C.J.). Indeed, the Court finds that, properly construed, the delay here is even shorter than 61 days, given that (regardless of whether CORC issued a receipt of his appeal) CORC had 45 days in which to render a decision regarding that appeal.

occurred in April and May of 2018, long after Plaintiff filed his Complaint. Finally, the Court notes that, if it were to consider Plaintiff's Complaint as having been filed on February 20, 2018 (as opposed to March 19, 2018), the prematurity of Plaintiff's Complaint would become even more pronounced.

**ACCORDINGLY**, it is

**ORDERED** that the Report-Recommendation (Dkt. No. 60) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that Defendants' motion for summary judgment (Dkt. No. 50) is **GRANTED**; and it is further

**ORDERED** that Plaintiff's Amended Complaint (Dkt. No. 9) is **DISMISSED without prejudice**.

Dated: October 18, 2019
Syracuse, New York

Hon. Glenn T. Suddaby
Chief U.S. District Judge